Lucas v. Berryhill

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25th day of April, two thousand seventeen.

Present:     ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
             SUSAN L. CARNEY,
                  *Circuit Judges*.

_____

DYSHELLE R. LUCAS,

                  *Plaintiff-Appellant*,

          v.                                              16-1766

NANCY A. BERRYHILL[1], ACTING COMMISSIONER
OF SOCIAL SECURITY, U.S.A.,

                  *Defendant-Appellee*.

_____

Appearing for Appellant:     Carolyn A. Kubitschek, Lansner & Kubitschek, New York, NY.

Appearing for Appellee:      Vernon Norwood, Special Assistant to the United States Attorney (Marc H. Silverman, Assistant United States Attorney, *on the brief*), *for* Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven,                          CT.

_____

[1] Nancy A. Berryhill is automatically substituted as the respondent in this case pursuant to Federal Rule of Appellate Procedure 43(c)(2).

Appeal from the United States District Court for the District of Connecticut (Covello, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Dyshelle R. Lucas appeals from the April 4, 2016 judgment of the United States District Court for the District of Connecticut (Covello, *J.*) affirming the decision of the Commissioner of the Social Security Administration denying her disability benefits on the ground that Lucas is not "disabled" within the meaning of the relevant statutes. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

When this Court reviews the Commissioner's denial of Social Security benefits, "our focus is not so much on the district court's ruling as it is on the administrative ruling." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 447 (2d Cir. 2012) (citation omitted). "[I]t is not our function to determine *de novo* whether a plaintiff is disabled." *Id.* Rather, "we conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." *Id.* (quoting *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009)); *see also* 42 U.S.C. § 405(g) (stating that, on judicial review, "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive").

"Substantial evidence is 'more than a mere scintilla.'" *Brault*, 683 F.3d at 447 (quoting *Moran*, 569 F.3d at 112). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 447-48 (citation and emphasis omitted). As a result, when this Court determines whether there is substantial evidence to support the Commissioner's decision, it applies "a very deferential standard of review—even more so than the 'clearly erroneous' standard." *Id.* at 448. "The substantial evidence standard means once an [administrative law judge ("ALJ")] finds facts, we can reject those facts only if a reasonable factfinder would have to conclude otherwise." *Id.*, 683 F.3d at 448 (citation, internal quotation marks, and emphasis omitted).

We affirm for substantially the reasons stated by the district court, as we agree that the Commissioner's ruling is supported by substantial evidence. Lucas's testimony, medical records, and the opinions of the consulting physicians all support the Commissioner's finding that Lucas could perform certain sedentary work. While an ALJ must consider a claimant's testimony, it may look to other evidence in determining the nature or extent of an impairment. *See* 20 C.F.R. §§ 404.1529(c), 416.929(c). Here, the ALJ considered various sources of evidence and justifiably declined to give less than determinative weight to Lucas's testimony regarding how her pain affected her ability to function independently. The ALJ only partially credited Lucas's testimony because, in October 2011, she reported that she independently cooked, cleaned and performed household chores, but by March 2012, she stated she could no longer do any of those things, "with little evidence in the record showing that her condition significantly worsened in that short time frame." Admin. R. at 15; *see* 20 C.F.R. § 404.1529(c)(3)(i) (listing "daily activities" as an appropriate consideration in determining a claimant's level of pain).

Assuming, arguendo, that Lucas did not waive her challenge to the ALJ's conclusion that she could ambulate effectively with her prosthesis, we conclude that that finding was also supported by the record. The ALJ accepted the report of the consulting doctor, who concluded that Lucas "is capable of limited walking of less than 5 minutes due to pain in her leg and back." Admin. R. at 331. The doctor's report also noted that "[t]ravel will be somewhat problematic for the patient due to her limited physical endurance." *Id.* The ALJ specifically adopted this conclusion, finding that Lucas could walk only for four minutes before stopping to rest. Lucas argues that, as a matter of law, the ability to walk for such a short duration does not constitute effective ambulation. We disagree. The rules as to ambulation do not set durational limitations. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2b ("To ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living. They must have the ability to travel without companion assistance to and from a place of employment or school."). Moreover,  the ALJ relied on a report by the consulting psychiatrist who noted that Lucas traveled more than five miles by bus, alone, to their appointment and that she reported functioning independently. The record also demonstrates that, after her treating prosthetists repaired her prosthesis in October of 2012, the prosthetist noted that Lucas could "ambulat[e] without discomfort" and noted that her "functional level assessment" indicated she could "ambulate with variable cadence: perform activities beyond simple locomotion." Admin. R. at 406, 408. The ALJ's conclusion is thus adequately supported by the record.

We have considered the remainder of Lucas's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3